CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 5 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| GLENN CALVIN LAWHORN, JR., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> L. J. AYERS, et al., ) <br> Defendants. ) | Civil Action No. 7:10-cv-00489 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Glenn Calvin Lawhorn, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants L. J. Ayers, Sheriff of Amherst County; Elton Blackstock, Superintendent of the Blue Ridge Regional Jail ("BRRJA"); and the Lynchburg Adult Detention Center ("LADC"). Plaintiff alleges that the defendants frustrated his access to courts and unlawfully caused his conviction, in violation of his constitutional rights. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. Officials at the BRRJ, LADC, and Amherst County Sheriff's Department denied plaintiff access to a Virginia General District Court hearing on March 6, 2009. Plaintiff filed various motions in the General District Court for Amherst County between December 2008 and February 2009, including a motion for declaratory judgment. The General District Court set a hearing for plaintiff's motion for declarative judgment, and plaintiff filed request forms to BRRJ officials requesting transportation to the hearing. Officials erroneously told plaintiff he did not have a hearing, plaintiff again asked for transportation to the hearing, and BRRJ officials told plaintiff that the Sheriff's Office "had

been notified." However, nobody transported plaintiff to the court on March 6th, and the General District Court dismissed his motion without prejudice. BRRJ officials said they were waiting for the Sheriff's deputies to pick plaintiff up, but officials at the Sheriff's Office said that they do not transport prisoners for civil actions, like plaintiff's motion for declaratory judgment. Plaintiff filed an appeal of the dismissal order several weeks later. Soon after filing his appeal, plaintiff was transferred to a Virginia Department of Corrections facility. Plaintiff was unable to pay the appeal bond or file other paperwork.[1] Plaintiff requests $300,000 in compensatory damages and $900,000 in punitive damages.

Plaintiff also complains of the facts and legal proceedings surrounding a General District Court's order that granted plaintiff's prior landlord a writ of possession because plaintiff failed to appear at a hearing scheduled on June 16, 2006. Plaintiff alleges that the Sheriff's Office failed to serve the notice of the hearing in conformity with state law. Plaintiff asks me to enter default judgment in his favor in a four-year-old state court case.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual

---

[1] Plaintiff does not state whether this appeal was dismissed, was granted, or is still pending.

allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the Sheriff and the LADC are not "persons" subject to liability in a §1983 action. See

3

McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning local jails and the Sheriff are part of the Commonwealth of Virginia and are not appropriate defendants in a § 1983 damages action). Additionally, plaintiff fails to allege any act personally committed by the remaining defendant, the BRRJ's superintendent, or the other inappropriate defendants. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977) (stating supervisory liability under § 1983 may not be predicated on the theory of respondeat superior). Furthermore, plaintiff's allegations concerning a state court hearing from 2006 is beyond the statute of limitations, and I do not have jurisdiction to enter a declaratory judgment in a state-court civil case closed long ago. Moreover, plaintiff fails to allege that he suffered any prejudice from missing the state court hearing when that court dismissed his motion without prejudice. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Accordingly, plaintiff fails to state a claim upon which relief may be granted, and I dismiss his complaint without prejudice.

III.

For the foregoing reasons, I dismiss plaintiff's complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1); deny any pending motions as moot, and strike the case from the active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 5th day of November, 2010.

Senior United States District Judge